

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE JOHNSON, | § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 6:17-02149-MGL-JDA |
| APPLE, INC. and TIM COOK, | § § § | |
| Defendants. | § § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

It appears Plaintiff filed this case under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 28, 2017. ECF No. 10. On September 5, 2017, the Clerk of Court filed documents Plaintiff appears to submit as "evidence," ECF No. 15, and, on September 8, 2017, the Clerk of Court filed Plaintiff's objections to the Report (Plaintiff's Memorandum), ECF No 16.

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even when construed liberally and in the light most favorable to Plaintiff, Plaintiff's Memorandum fails to set forth any specific objections to the Report. Plaintiff's Memorandum consists primarily of a series of political discussions and comments, as well as requests for subpoenas. Any meaningful counter to the well-reasoned conclusions in the Report is absent. Moreover, to the extent Plaintiff's Memorandum constitutes a motion for various subpoenas, it is unintelligible, unsupported by law, and without merit. The Court additionally notes Plaintiff's September 5, 2017, submission makes no difference in the Court's consideration of this lawsuit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court this action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 21st day of September 2017 in Columbia, South Carolina.

    s/ Mary Geiger Lewis
    MARY GEIGER LEWIS
    UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.